Chief Justice Hernández and Justices del Toro and Aldrey concurred.

---

HERNÁNDEZ, PLAINTIFF AND APPELLANT, v. ARÁN ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an action to set aside a sale of a property for taxes.

No. 1021.—Decided January 22, 1914.

RES JUDICATA—ACTION TO SET ASIDE SALE OF PROPERTY FOR TAXES—IDENTITY OF THINGS, CAUSES AND PARTIES.—The plaintiff in this case moved to set aside the sale of a property made for the collection of taxes, which property was bid in by the defendants. The nullity of this sale was formerly raised by the same appellant in another action in which he and the respondents were defendants and the trial court decided the question against him in a judgment which was affirmed by this court on June 26, 1912. A part of the record of the said action was introduced in evidence by the respondents in support of the plea of *res judicata* which they had set up. *Held:* That there existed the most perfect identity of things, causes and parties between

this and the previous action, and therefore that the plea of *res judicata* was well founded.

The facts are stated in the opinion.

*Mr. Luis Méndez Vaz* for appellant.

*Mr. José Benet* for respondent Manuel Arán.

Mr. Justice Wolf delivered the opinion of the court.

The complaint in this case was presented on October 9, 1911, and alleged in substance that a rural farm of 130 acres of land, situated in the ward of Indiera Baja of Maricao, recorded in the registry in the name of Inocencia Cuascú y Montaz, Manuel Arán Cuascú, and Agripina Arán Cuascú, was attached by Francisco Rivera, collector of internal revenue of Maricao, and sold on October 14, 1907, at public auction to the defendant, Alejandrina Blanco, for the sum of $600, which was the best offer made. It was alleged that the attachment of this farm for the payment of taxes, as well as the sale of the same, in public auction, was made by the collector of internal revenue without complying with the requisites of law, illegally and working in conjunction and in conspiracy with Alejandrina Blanco Ramírez, Emilio Arán Cuascú, her husband, and the other tenants in common of the land; and it was prayed in the prayers of the complaint that the attachment proceedings begun by The People of Porto Rico against the delinquent taxpayer, Manuel Arán, for the payment of taxes, should be declared null and void and without any legal effect; that the attachment, auction and sale of the property of 130 acres for the payment of $141.58, attached and sold by said collector in public auction, should be declared null and void, and also the certificate of sale of the said property issued by said collector ordering the cancellation of the record in the Registry of Property of San Germán.

The defendants answered the said complaint denying the essential facts thereof, and also filing new matter alleging *res adjudicata* and other defenses in this matter, and also prescription.

The trial court found that the complainant failed to make

out his case, totally failing to prove a conspiracy, and more especially found that the defense of *res adjudicata* had been fully justified.

At the trial of the case to prove their plea of *res adjudicata* the defendants presented as evidence the complaint, answer, opinion, and judgment, filed in suit No. 2967 of the District Court of Mayagüez in the year 1910 in a suit prosecuted by Alejandrina Blanco against Agustín Hernández Mena, the complainant and appellant in the present suit, and against Manuel, Francisco, Agripina Clotilde, and Emilio Arán y Cuascú, in a real action about real property and the nullity and cancellation of a mortgage.

In the complaint in said case No. 2967 Alejandrina Blanco, who was then the complainant, among other things substantially alleged as follows: That the complainant, Alejandrina Blanco, was the owner in full proprietorship and was in possession of a piece of property or estate situated in the ward of Indiera Baja of Maricao, composed of 130 acres, which was described in the complaint at length; that said land was obtained by the complainant, Alejandrina Blanco, by purchase, at a public sale, for taxes, in Porto Rico, on October 14, 1907, before the collector of internal revenue of Maricao, Francisco Rivera, and that such land appears recorded on folio 193 of volume 16 of the Registry of Property of San Germán in the name of Manuel Arán, Agripina Clotilde Arán Cuascú, and Inocencia Cuascú Montaz, former owners of such real property; that previous to the date of the sale in public auction, for taxes on the property in question, the same was recorded in the registry of property in the name of its owners in the following manner: Manuel Arán, a proportionate share in the sum of $4,695.75; Clotilde Arán, a proportionate share of $1,776.50; Inocencia Cuascú, a proportionate share of $3,827.75, which makes a total of $10,300, the value of the same.

That by a public deed of December 11, 1902, the tenant in common, Manuel Arán, mortgaged his aforesaid interest

in favor of the other tenant in common, Inocencia Cuascú, in the sum of $2,817.45, which mortgage was recorded in the registry of property in favor of the creditor, Inocencia Cuascú; that in like manner the other tenant in common mortgaged her interest in favor of the same Inocencia Cuascú, by deed of December 11, 1902, securing a credit of $2,200, which mortgage was likewise recorded in the registry of property in favor of the said Inocencia Cuascú.

And the fifth paragraph of the complaint is as follows:

"That when the entire property which included the three different interests and the two mortgages was attached by The People of Porto Rico, and when the auction sale for taxes was announced, the collector of internal revenue of Maricao duly notified the owners of the property, Manuel Arán, Clotilde Arán, and Inocencia Cuascú, and to the last named in addition as a mortgage creditor, notifying them of the lack of payment of the whole taxes—of the attachment and sale of the property mentioned in the first clause of this complaint, and the said owners and mortgage creditor did not satisfy such overdue taxes, nor did they redeem or attempt to recover the property in question, nor did any of such tenants in common do so within the period of 180 days subsequent to the sale and adjudication in the complaint, or at any time thereafter, the land in its entirety remaining the property of this complainant free of all charges and encumbrances, and thus canceled the two mortgages mentioned in the third and fourth clauses of this complaint by force of law."

And in the prayer of such complaint, suit No. 2967, the court was asked to declare that the complainant, Alejandrina Blanco, was, from October 14, 1907, the sole proprietor in full ownership of the property described in the first clause of the complaint, and that she should be so declared free of all former charges and encumbrances; that the mortgage credits mentioned in the third and fourth clauses brought by the defendant, Agustín Hernández Mena, be declared null and void, and that they should not affect in any manner the right of such complainant in the piece of real property the object of such action; that the sale made by the defendant, Agustín

Hernández Mena, in such suit, of the interest mentioned in the second clause and once belonging to Inocencia Cuascú, should likewise be declared null and without value, as she and her heirs previous to the sale had lost all the right, title and interest they had in the same; that the court should order the cancellation of the records made in favor of the said Hernández Mena of the mortgage credits mentioned in the Registry of Property of San Germán, and likewise the cancellation of the record made in favor of Hernández of the tenancy in common before mentioned, and ordering such registrar to record definitely the real estate, the object of this suit, in the name of Alejandrina Blanco, free of all charges and encumbrances, at the cost of the defendant.

That the complaint in such case No. 2967 was answered in due time by Agustín Hernández Mena denying specifically all the essential facts of such complaint, and alleging as new matter and as a further opposition to the complaint the following:

"VIII. That not alone the sale of the rural *finca* but also the certificate of the same which appears to have been issued by the collector of internal revenue of Maricao, Francisco Rivera, on October 14, 1907, contained the vice of nullity and are null and void, without any legal force because they are false and simulated inasmuch as the said sale was not made or consummated at the time of the auction sale set for the 14th day of October and designated in the place fixed by said collector in the town of Maricao, nor did the complainant at such time and place make any offer whatsoever for the said property, nor did any other person of those who are mentioned and who it is stated made an offer at the time of such sale, as stated in the certificate of attachment, nor any of the other persons present at the act."

The District Court of Mayagüez, in its opinion of February 25, 1911, deciding such suit No. 2967, said in the pertinent part of its opinion as follows:

"*Legal conclusions:* The interest of $4,695.75 belongs to the complainant, Alejandrina Blanco, because it was duly acquired by her and its acquisition duly recorded in the registry of property.

"The interest of $1,776.50 belongs to the complainant, Alejandrina Blanco, because she acquired it in the auction sale of the property on October 14, 1907, by reason of a failure to pay taxes.

"The mortgage of $2,817.45 which encumbered the interest of $4,695.75 is satisfied because it was extinguished by the effect of the sale of the property for failure in the payment of taxes, such auction taking place on October 14, 1907.

"The mortgage of $2,200 which encumbered the interest of $1,776.50 is extinguished in so far as it refers to such interest (*a*) because it was extinguished by the effect of the auction of such property which took place on October 14, 1907, for the failure to pay taxes."

The judgment of such district court, rendered on February 25, 1911, in said suit No. 2967, in accordance with the opinion on which it was founded, contains the following pronouncements:

(*a*) It declared that the interests of $4,695.75 and $1,776.50 in the property described in the complaint belong exclusively to the complainant, Alejandrina Blanco, and ordered their record in the registry of property in the name of Alejandrina Blanco and the cancellation of any record or annotation in favor of Agustín Hernández Mena and of Clotilde Arán or Manuel Arán with regard to such interests.

(*c*) It declared that the mortgages of December 11, 1902, for $2,817.45 on the interest of $4,695.75 and that of $2,200, in so far as the same affect the interest of $1,776.50, should be canceled and their cancellation ordered in the registry of property.

This judgment also had a pronouncement in favor or Hernández Mena and the whole judgment was appealed to this Supreme Court which on June 26, 1912, affirmed the judgment in all its parts.

After reciting in substance the foregoing facts the court below arrived at the conclusion that the complaint and answer in suit No. 2967 and the complaint and answer in the case then before it, No. 3379, contained the most perfect identity of things, actions, and persons, and we are of the same opinion

When Hernández Mena was brought into court in suit No. 2967 he attempted to defend the claim of Alejandrina Blanco by saying that the auction sale for taxes to her was null and void, and the court found that issue against him.

In the present suit, with somewhat different allegations he attempts to recover the said property by reason of the nullity of such sales. It makes no difference, as he alleges in his brief, that it was not possible in the previous case to have demanded the nullity of the sale, saying that the tax collector, Rivera, could not be made a party by him, the said Hernández Mena, for it is evident that if the defense of Hernández Mena had prevailed in that suit it would have put an end to the claim of Alejandrina Blanco. The interest of Rivera in such property terminated with his act in selling the same. Moreover, he was a mere agent of the government and had no interest in the property.

Believing as we do that the claim of *res adjudicata* was well founded, we find it unnecessary to consider the other questions respecting the alleged nullity of the said sale or prescription, and the said judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.